IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,380-01






EX PARTE KEVIN RYAN BARRETT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-34,537 IN THE 70TH DISTRICT COURT


FROM ECTOR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to fifteen years' imprisonment. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. Applicant alleges counsel was retained to represent him at a motion
for new trial hearing "and also to file any appeals should the new trial be denied." The habeas record
contains both sworn statements from family members supporting his allegations and a letter from
counsel stating that he was only paid to litigate a motion for new trial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Axel, 757 S.W.2d 369, 375 (Tex. Crim. App. 1988). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from counsel addressing Applicant's claim of ineffective assistance of
counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right to a
meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court
shall make specific findings as to whether counsel told Applicant that he would appeal the motion
for new trial. If the trial court finds that counsel did not advise Applicant that he would perfect
appeal on Applicant's behalf, the trial court shall make specific findings determining whether he
advised Applicant of his appellate rights and, if applicable, the necessary actions to preserve them.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: May 9, 2012

Do not publish